IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAVORN KHIM,

        Plaintiff,                    No. CIV S-04-1162 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.             ORDER
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

I. Factual and Procedural Background

        In a decision dated January 26, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid

1

Council denied plaintiff's request for review.  The ALJ found plaintiff has a severe impairment of depression but that this impairment does not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff retains the residual functional capacity to perform all work related activities but is limited to simple, routine, repetitive unskilled tasks; plaintiff has no past relevant work; and based on the Medical-Vocational guidelines, plaintiff is not disabled. Administrative Transcript ("AT") 16-18.  Plaintiff contends the ALJ improperly rejected the opinion of an examining psychiatrist.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

---

to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.  _____

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1  record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
2  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
3  Substantial evidence means more than a mere scintilla of evidence, but less than a
4  preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
5  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a
6  reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402
7  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
8  197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler,
9  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
10 detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
11 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of
12 supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If
13 substantial evidence supports the administrative findings, or if there is conflicting evidence
14 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
15 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
16 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
17 1335, 1338 (9th Cir. 1988).

18 III.  Analysis

19       Plaintiff contends the ALJ did not accord proper weight to the opinion of
20 examining psychiatrist Dr. Wang. The weight given to medical opinions depends in part on
21 whether they are proffered by treating, examining, or non-examining professionals. Lester v.
22 Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a
23 treating professional, who has a greater opportunity to know and observe the patient as an
24 individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

25       To evaluate whether an ALJ properly rejected a medical opinion, in addition to
26 considering its source, the court considers whether (1) contradictory opinions are in the record;

3

and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Lester, 81 F.3d at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Dr. Wang opined on September 28, 2002 that plaintiff could not perform work activities on a consistent basis or maintain regular attendance. AT 117. Dr. Wang noted, however, that this opinion was based only on a one-time evaluation and emphasized the need to collect other information from plaintiff's doctors and family, and other resources as well. Id. The ALJ rejected this opinion as inconsistent with the vast majority of medical evidence and instead adopted the opinions of two nonexamining state agency physicians who opined that although plaintiff suffered from depression, this condition was not expected to last the requisite one year in duration. AT 15, 123, 161; cf. 20 C.F.R. § 416.909.

The first state agency physician relied on by the ALJ opined, in October 2002, that plaintiff's psychiatric condition would be stable by March 2003. AT 123, 128. The October 16, 2002 psychiatric review technique form expressly incorporated the summary of the medical evidence set forth in a separate consult. AT 123, 128, 169-171. The consult noted plaintiff

experienced a psychiatric crisis in March 2002 with a GAF[2] of 45, but in April 2002 had a GAF of 65 and by June 2002 plaintiff felt he did not need psychiatric medication and had an adequate clinical presentation. AT 139, 140, 143, 170. The state agency physician's opinion is consistent with the medical record, whereas Dr. Wang's opinion, based on plaintiff's subjective complaints that were properly discredited, is not.

The second state agency physician relied on by the ALJ opined in January 2003 that plaintiff was able to perform at least simple repetitive tasks. AT 161. The opinion specifically referenced the psychiatric treatment records, which noted in January 2003 that plaintiff's mood and affect were within normal limits and that this was after several months without psychiatric treatment or psychiatric medication. AT 135, 161.

In light of this record, the ALJ's rejection of Dr. Wang's opinion is supported by specific and legitimate reasons. The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 28, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006/khim.ss

---

[2] GAF is a scale reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR"). A GAF of 41-50 indicates serious symptoms such as suicidal ideation, severe obsessional rituals, or serious impairment in social, work, or school functioning. Id. A GAF of 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational or school function (e.g, occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships. Id.